UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **DONNA SHEHANE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 08-2125 |
| **COUNTY OF KANKAKEE,** sued as ) | |
| the County of Kankakee, a municipal ) | |
| corporation, et al., ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In June 2008, Plaintiff Donna Shehane filed a Complaint (#1) against Defendants Kankakee County and Mike Van Mill, alleging a violation of her freedom of speech under the United States Constitution and also alleging indemnification. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has raised a constitutional claim.

In August 2008, Defendants filed a Motion To Dismiss Plaintiff's Complaint (#15). Plaintiff filed a Response to Defendants' Motion To Dismiss (#24). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Plaintiff's Complaint **(#15)** be **GRANTED**.

## I. Background

The following background is taken from the complaint. Plaintiff began working for Kankakee County in 2003 as a Solid Waste and Environmental Manager. Defendant Van Mill has been the Planning Department Director for the County since Plaintiff was hired. He was Plaintiff's supervisor at all relevant times. Plaintiff has sued Van Mill in his individual capacity and in his official capacity.

Plaintiff's job duties included inspecting landfill sites, reviewing landfill permit applications, and overseeing county recycling programs. She alleged that her assigned duties did

not routinely include responding to Freedom of Information Act (hereinafter "FOIA") requests or reporting to third parties regarding the status of such FOIA requests.

Pursuant to a Delegation Agreement between the Illinois Environmental Protection Agency and Kankakee County, Kankakee County had primary responsibility for inspecting landfill sites for compliance with the Environmental Protection Act (hereinafter "Act") and enforcing compliance where necessary. Either the Kankakee County State's Attorney Office (hereinafter "SAO") or the Illinois Attorney General could prosecute violations of the Act.

In 2004, Defendant Van Mill assigned Plaintiff the responsibility of administering the Delegation Agreement, including inspecting landfill sites and then beginning efforts to cure and/or prosecute violations of the Delegation Agreement. As part of her job, Plaintiff investigated Joyce Farms, a site owned by Jerome Joyce, a powerful political figure in Kankakee. Plaintiff learned that Joyce Farms had several ongoing violations that the SAO had failed to prosecute.

In early 2007, Mr. Joyce applied to Kendall County for a site permit to operate a separate site within Kendall County. Plaintiff has no employment duties or activities relating to Kendall County. As a concerned Illinois citizen, she attended hearings held by the Kendall County Board regarding Joyce's site permit application. At one of the hearings, a concerned Kankakee County citizen who opposed the pending site permit presented information on Joyce's history within Kankakee County including, among other things, the ongoing violations of the Act at the Joyce Farms site. After that hearing, Defendant Van Mill asked Plaintiff whether she had anything to do with the presentation. He also advised Plaintiff that the Kankakee County Board was unhappy about the presentation.

In May 2007, an attorney who represented a client who opposed the pending site permit application sent a FOIA request to Kankakee County seeking documents about the Joyce Farms operation and violations of the Act. Plaintiff alleges that other FOIA requests had been granted.

Defendant Van Mill directed Plaintiff to gather and copy any documents that might respond to the FOIA request and give them to the SAO.

In May 2007, Plaintiff attended another Kendall County Board meeting about the Joyce site permit application. At that hearing, the attorney who had made the FOIA request asked Plaintiff if she knew about the status of his FOIA request regarding Joyce Farms. Plaintiff "stated that she had given the documents to the SAO, and that he should get them, but that it was up to the SAO to decide whether to produce the documents." (#1, ¶ 21.)

Shortly thereafter, the SAO directed Defendant Van Mill to deny the Joyce Farms FOIA request on the grounds that the request was too voluminous and burdensome to produce even though Plaintiff had already given the documents to the SAO. On June 4, 2007, the attorney who made the FOIA request appealed the denial of his request to the Kankakee County Board chairman based upon, among other things, the fact that the documents that Defendant Van Mill claimed were too voluminous and burdensome to produce had, in fact, already been provided to the SAO.

On June 5, 2007, Defendant Van Mill told Plaintiff that the SAO had received the appeal letter and that the SAO and Van Mill were "upset that Plaintiff had told the requesting attorney that she had delivered the documents at issue to the SAO. Van Mill then terminated Plaintiff for the truthful statements she made to the attorney." (#1, ¶ 24.) Plaintiff alleges that Defendants terminated Plaintiff's employment in an effort to chill her First Amendment rights.

Plaintiff alleges two counts. Count I, against both Defendants, alleges that Defendants violated her right to free speech "which includes the right to speak out regarding matters of public concern such as the conduct of landfill site operators who had past violations regarding the manner in which they operated their landfill sites." (#1, ¶ 26.) Plaintiff also alleges that her speech was the sole reason for her termination. Count II, against Kankakee County, alleges a claim for indemnification.

## II.  Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits of the claims. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true and grants all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof"ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint). However, the Court is not required to accept as true a legal conclusion presented as a factual allegation. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The United States Supreme Court has interpreted this language to impose two easy-to-clear hurdles: First, the plaintiff must plead sufficient facts to give fair notice of the claim and the ground upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl.*, 127 S. Ct. at 1965, 1973 n.14).

## III.  Analysis

Defendants argue that the Court should dismiss the constitutional claim because Plaintiff's speech was not protected by the First Amendment. Specifically, Defendants contend that Plaintiff's speech was not protected because she did not speak out as a citizen nor did the speech at issue address a matter of public concern. Alternatively, even if the speech was protected, Defendant Van Mill is entitled to qualified immunity.

In order for a public employee to raise a successful First Amendment claim, she must have spoken in her capacity as a private citizen and not as an employee. *Morales v. Jones*, 494 F.3d 590, 595 (7th Cir. 2007). Only if the employee was speaking as a citizen and not as an employee will the Court address the next step – whether the speech constitutes protected speech – by inquiring into the content of the speech to ascertain whether the speech touched on a matter of

public concern. *Renken v. Gregory*, 541 F.3d 769, 773 (7th Cir. 2008) (citing *Spiegla v. Hull*, 481 F.3d 961, 965 (7th Cir. 2007)).

### A. Whether Plaintiff Spoke As a Citizen

"[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Morales*, 494 F.3d at 595 (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006)). Determining what falls within the scope of an employee's duties is a practical exercise that focuses on the duties an employee actually is expected to perform. *Id*. at 596. "Formal job descriptions often bear little resemblance to the duties an employee actually is expected to perform." *Garcetti*, 421 U.S. at 424-25.

Plaintiff contends that her speech did not occur pursuant to her official duties because (1) her job duties did not routinely include responding to FOIA requests or reporting to third parties regarding the status of such FOIA requests; and (2) she attended the Kendall County hearing in her capacity as a private citizen. Her arguments are unpersuasive.

Plaintiff expressly alleged in her complaint that Defendant Van Mill directed her to gather documents relevant to the FOIA request; therefore, she was fulfilling her job responsibilities when she collected the documents. Furthermore, contrary to her assertion in her memorandum, she was able to respond to the attorney's question at the hearing only because of her job. In *Garcetti*, the Supreme Court stated that "[r]estricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen. It simply reflects the exercise of employer control over what the employer itself has commissioned or created." *Id.* at 421-22. Thus, although she arguably attended the Kendall County hearing as a concerned citizen, Plaintiff's statement to the attorney about the status of his FOIA request owes its existence to her professional responsibilities.

The Court concludes that Plaintiff was acting in her capacity as a public employee when she reported to the attorney regarding the status of his FOIA request. Accordingly, she has not stated a First Amendment claim.

### B. Whether Plaintiff's Speech Addressed a Matter of Public Concern

Defendants next argue that, even if Plaintiff had been speaking as a private citizen, her speech did not address a matter of public concern. Whether speech touches on a matter of public concern depends on the content, form, and context of the speech, with content being the most significant factor. *Wernsing v. Thompson*, 423 F.3d 732, 751 (7th Cir. 2005). Specifically, Defendants contend that Plaintiff's speech did not express any viewpoint, grievance, or complaint. The Court agrees.

Plaintiff argues that the content of her speech and "point" of it implicated political, social, or other community concerns because she spoke out "regarding Joyce Farms' actions within Kankakee and its conduct in operating a composite site in violation of the Act" and to alert the public about the possible harm of granting the site permit application. (Response to Defendant's Motion To Dismiss, #24, p. 10, 11.) This argument is, in fact, inconsistent with what she alleged. According to the complaint, Plaintiff told the attorney that "she had given the documents to the SAO, and that he should get them, but that it was up to the SAO to decide whether to produce the documents." (#1, ¶ 21.)

As Defendants point out, this speech did not comment on the subject matter of the underlying documents or the propriety of the site permit application, nor did it criticize County policy or procedure in dealing with FOIA requests in general or the particular FOIA request at issue. It was informational and related to ordinary matters that arose from Plaintiff's job. *See Schad v. Jones*, 415 F.3d 671, 674 (7th Cir. 2005) (stating that speech by a government employee relating to ordinary matters of internal operation and lacking connection to any matter of political, social, or other concern for the community is not entitled to First Amendment protection). Moreover, as Defendants point out, a person may not invoke the protection of the First Amendment based on unexpressed viewpoints or unuttered thoughts. *Wernsing*, 423 F.3d at 752

("otherwise unprotected speech does not suddenly attain protected status simply because it is animated by a viewpoint which, if actually expressed, might itself merit First Amendment protection").  Here, Plaintiff's speech did not involve a matter of public concern.

The Court concludes that Plaintiff has failed to state a First Amendment claim because she was not speaking as a private citizen and the speech at issue did not involve a matter of public concern.  Accordingly, the Court recommends granting Defendants' motion to dismiss.

### IV.  Summary

For the reasons set forth above, this Court  recommends that Defendants' Motion To Dismiss Plaintiff's Complaint **(#15)** be **GRANTED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 19th day of November, 2008.

                                          s/ DAVID G. BERNTHAL
                                          U.S. MAGISTRATE JUDGE